CHIEF JUSTICE WHEAT
delivered the opinion oj? the court:
These four actions were tried together, by agreement, in the court below, and have been heard and considered together in this court.
The petitions each contained two paragraphs. The first paragraphs charged that Foster was sheriff of Allen county, and the other defendants his securities in his official bond, and that Foster, whilst he was so sheriff, had levied the executions whilst , in full force, in favor of the plaintiffs against William A. Austin, upon a slave named George, the property of Austin, but did not take charge of and keep the slave, nor take a bond to have him forthcoming, but left him in Austin’s possession, and suffered the slave to be run off from this state, and that Foster then falsely returned the executions, no property found. The second paragraphs charge, in substance, that Foster might and ought to have levied the executions mentioned in the first paragraphs upon the slave, but negligently failed to do so, and that the slave was run away from the state, whereby the plaintiffs lost their debts.
The defendants, now appellees, filed an answer denying that the executions were levied upon the slave, the falsity of the return, and that the slave was Austin’s property and subject to his debts, and also denying the negligence charged.
Upon these issues the parties went to trial, and the jury found a verdict for plaintiffs of one cent in damages, and the court rendered judgments accordingly.
The plaintiffs filed their grounds and moved for a new trial. Their motion was overruled. The plaintiffs excepted, filed their bill of exceptions, prayed an appeal, and now seek a reversal of the judgments.
One of the main grounds relied upon in this court, is the supposed right of the appellants, after they had executed to the sheriff a bond of indemnity, with good security, to recover the amount of their executions or the value of the slave, if levied upon *162 and suffered to be run off, or if he might and ought to have been levied upon by the sheriff, but was run off through his negligence, by which plaintiffs lost their debts. Notwithstanding the law peremptorily requires the sheriff to levy upon and sell the property, after the plaintiff in execution gives to the sheriff a sufficient bond of indemnity, it does not follow that the plaintiffs are entitled to recover damages beyond the extent of the actual injury sustained by them.
The general rule is, that a plaintiff is entitled to recover such damages as he has sustained by the injury complained of. To this rule there are exceptions, such as in cases where a statute imposes a penalty, or gives double damages or more, or where vindictive damages are allowed.
Sections 709, 711, 713, and 727, of the Civil Code of Practice, are cited and relied upon by appellants, as authorities to show their right either to recover the value of the property, or the amount of the execution, when a proper bond of indemnity has been given to the sheriff. Although it is made the duty of the sheriff, by the express provision of section 709, (supra,) to proceed to subject the property to the execution, after the bond of indemnity is given, it is no where intimated that for his failure to do so he will be liable to the extent contended for. And we are unable to see any provision of the Code, or other law, which would take the case under consideration out of the general rule referred to. So far as the court below ruled the law according to these views, we think it was expounded correctly. But the appellants were prejudiced by the modification of several instructions asked for by them, as well as in refusing the sixth instruction moved for by them.
It was not necessary, as was assumed by the court below, in some of the instructions, to entitle the plaintiffs to a recovery, that Austin’s possession of the slave should have been either peaceable or adverse for five years. The law only required five years continuous possession in Austin, whether the possession were adverse or amicable, without demand made and pursued by due course of law, to make the slave liable to creditors for the payment of his debts; if the slave had been loaned to Ms wife before the 23d day of February, 1846, or loaned to *163 him after that date, in case the loan was not recorded as required by the statute.
So far as the court modified the instructions to make them conflict with this view of the law, the court erred.
The sixth instruction given at defendants’ instance was also erroneous, as it referred a question of law to the jury to be decided by them, to-wit: Whether the slave was exempt from execution for the payment of Austin’s debts, by virtue of the act of assembly, approved February 23d, 1846. Nothing but facts should have been left to be found by the jury.
Upon the trial, a straggle seems to have been made by plaintiffs to get the court to instruct the jury “ that if they believed that the loan spoken of by a portion of the witnesses was only pretended, and not actual, and intended to prevent the creditors of William A. Austin subjecting the slave Omie and her increase to his debts, they must find such pretended loan fraudulent, and the boy George subject to said debts.” This, or similar instructions, ought not to have been given, because they were not predicated upon the fact of William A. Austin’s being the owner of the property. If he was really the owner of the slave, and the loan and annual return of it were mere contrivances to prevent the slave from being subject to the payment of Austin’s debts, then the slave ought to have been so held; but the several instructions asked for by plaintiffs did not contain the essential idea that the slaves were Austin’s property.
From what we have before said in relation to the measure of damages in the actions, it may be properly inferred that we are of opinion that the defendants, under the issue in these actions, had the right to show that the slave was not subject to the executions ; and that the title was in some one else, and not in W. A. Austin; and thus to show a mitigation of the damages, which plaintiffs claimed.
The sheriff was bound to levy and sell if he could do so, after he had taken the bond of indemnity; but in case of his failing to do so, we repeat, he was only liable for such damages as the plaintiffs sustained by his misconduct; and if Austin, the debtor, had no vendible interest in the slave, the damages could only have been nominal.
*164 For the errors indicated in this opinion, the several judgments of the court below are reversed, and the causes remanded, that new trials may be awarded without the payment of costs, and for further proceedings in conformity with the principles of this opinion.